# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE STATE OF OKLAHOMA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-07-658-M |
| ) | |
| GLENN HORACE STINSON, ) | |
| ) | |
| Defendant. ) | |

## ORDER

On June 8, 2007, defendant Glenn Horace Stinson filed a Notice of Removal seeking to remove to this Court a pending Kingfisher County, Oklahoma criminal prosecution for stalking and malicious injury to property. This matter is now before the Court for screening pursuant to 28 U.S.C. § 1446(c)(4), which section requires this Court to promptly examine an attempt to remove a state criminal prosecution, and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."

Section 1441(a) of title 28 of the United States Code permits the removal of "civil actions brought in a State court" and does not contain a jurisdictional grant as to "criminal actions." Thus, if this state criminal prosecution is removable to federal district court, it must be on the basis of one of three federal statutes, 28 U.S.C. § 1442[1], 28 U.S.C. § 1442a[2], or 28 U.S.C. § 1443[3]. The notice

---

[1]Section 1442 provides, in pertinent part:
> A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an

> official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.
> (2) A property holder whose title is derived from any such officer, where such action or prosecution affects the validity of any law of the United States.
> (3) Any officer of the courts of the United States, for any act under color of office or in the performance of his duties;
> (4) Any officer of either House of Congress, for any act in the discharge of his official duty under an order of such House.

28 U.S.C. § 1442(a).

[2]Section 1442a provides:

> A civil or criminal prosecution in a court of a State of the United States against a member of the armed forces of the United States on account of an act done under color of his office or status, or in respect to which he claims any right, title, or authority under a law of the United States respecting the armed forces thereof, or under the law of war, may at any time before the trial or final hearing thereof be removed for trial into the district court of the United States for the district where it is pending in the manner prescribed by law, and it shall thereupon be entered on the docket of the district court, which shall proceed as if the cause had been originally commenced therein and shall have full power to hear and determine the cause.

28 U.S.C. § 1442a.

[3]Section 1443 provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

of removal does not identify any of these statutes as the authority for removal of this action. Furthermore, the notice of removal and attached exhibits are devoid of allegations that would make this action removable pursuant to any one of these statutes.

Accordingly, the Court finds that summary remand of this action is appropriate. The Court, therefore, REMANDS this action to the District Court of Kingfisher County, State of Oklahoma.

**IT IS SO ORDERED this 15th day of June, 2007.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

      (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.